## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **SHAWNELL GLADDEN, et al.,** | : |
|  | : |
| **Plaintiffs,** | : |
|  | : |
| **v.** | : **Civ. Action No. 08-00263 (RJL)** |
|  | : |
| **DISTRICT OF COLUMBIA,** | : |
|  | : |
| **Defendant.** | : |

_____ :

### DEFENDANT'S ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

2.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

3.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

4.  This statement is the pleader's characterization of the action to which no response is required.  If a response is required, then the same is denied.

5.  Admitted.

6.  Admitted.

7.  Admitted that Michelle Rhee is being sued in her capacity as the Chancellor of the District of Columbia Public School System ("DCPS").  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

8. Admitted that C.C. attended Drew Elementary School for the 2006-2007 school year. Defendant lacks knowledge and information sufficient to enable it to respond to the remaining allegation at this time.

9. Defendant lacks knowledge and information sufficient to enable it to respond to these allegations at this time.

10. The June 25, 2007 Multi-Disciplinary Team ("MDT") notes speak for themselves. This allegation is the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same is denied.

11. The June 25, 2007 Multi-Disciplinary Team ("MDT") notes speak for themselves. These allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same is denied.

12. This allegation is the pleader's rationale for filing a due process hearing complaint, to which no response is required. If a response is required, then the same is denied.

13. Admitted.

14. The hearing transcripts speak for themselves. This allegation is the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same is denied.

15. The November 13, 2007 Hearing Officer's Determination ("HOD") speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

16. In answer to this allegation Defendant incorporates by reference its answers to paragraphs 1-15 above.

17. The November 13, 2007 HOD speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

18. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

19. Section 104.36 speaks for itself. This allegation is the pleader's interpretation of Section 104.36 to which no response is required. If a response is required, then the same is denied.

20. The November 13, 2007 HOD speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

21. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

22. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

23. In answer to this allegation Defendant incorporates by reference its answers to paragraphs 1-22 above.

24. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

25. The MDT/IEP meeting notes speak for themselves. This allegation is the pleader's recollection of the actions of the MDT/IEP team to which no response is required. If a response is required, then the same is denied.

26.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

27.  The November 13, 2007 HOD speaks for itself.  This allegation is the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

Defendants deny each and every allegation set forth in the complaint not specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

THIRD AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**March 17, 2008**